UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARIFKHAN PATHAN,<br><br>Defendant. | Case No. CR21-00010RSL<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DATES |

    This matter comes before the Court on defendant's "Second Motion to Continue Trial Pretrial Motions Dates." Dkt. # 20. On February 19, 2021, the Court granted defendant's "Unopposed Motion to Continue Trial and Pretrial Motions Dates," which continued the trial date in this case to September 27, 2021. Dkt. # 19. Defendant now moves for the trial to be continued to May 23, 2022. Dkt. # 20. The government "does not oppose defense counsel's motion in substance but opposes the length of the continuance and respectfully requests a continuance to February 28, 2022." Dkt. # 22 at 1. The government's primary concern with defendant's proposed new trial date concerns defendant's "assertion of needing additional time for his possible affirmative defense." Id. at 3. The government's perspective is that "counsel has not articulated a legally sufficient basis" for the defense. Id. Given that the government acknowledges that defense counsel needs adequate time to review the discovery provided, id., and that defense counsel is still in the process of conducting an investigation, Dkt. # 20 at 2, defense counsel may be able to articulate a legally sufficient basis upon further investigation.

ORDER GRANTING MOTION TO CONTINUE
TRIAL AND PRETRIAL MOTIONS DATES - 1

The Court finds the government's rationale in opposing the May 23, 2022 trial date unpersuasive.

Now, therefore, the Court finds as follows:

1. The Court adopts the facts set forth in defendant's motion: specifically, that the government provided initial discovery to the defense on February 11, 2021, that the defense has initiated an investigation that uncovered important information, in India, that requires additional investigation, and that on July 21, 2021, the government provided a hard-drive that appears to contain numerous video and audio recordings, in addition to hundreds, if not thousands, more documents, and that a key witness in the case has been indicted in the Eastern District of Texas. Dkt. # 20. The Court accordingly finds that a failure to grant a continuance would deny counsel, and any potential future counsel, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The Court finds that a failure to continue the trial date in this case would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. The Court finds that the additional time requested between September 27, 2021 and the proposed trial date of May 23, 2022, is a reasonable period of delay. The Court finds that this additional time is necessary to provide defense counsel reasonable time to prepare for trial, to investigate the matter, to gather evidence material to defense, and to consider possible defenses, considering all the facts set forth above.

4. The Court further finds that this continuance would serve the ends of justice, and that these factors outweigh the best interests of the public and defendant in a speedier trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

5. Defendant has executed a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including June 13, 2022, Dkt. # 21, which will permit his trial to start on May 23, 2022.

IT IS HEREBY ORDERED that the trial date shall be continued from September 27, 2021, to May 23, 2022, and pretrial motions are to be filed no later than April 15, 2022.

ORDER GRANTING MOTION TO CONTINUE
TRIAL AND PRETRIAL MOTIONS DATES - 2

IT IS FURTHER ORDERED that the period of time from the current trial date of September 27, 2021, up to and including the new trial date, shall be excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. The period of delay attributable to this filing and granting of this motion is excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B)(i), (iv).

IT IS SO ORDERED.

DATED this 3rd day of September, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO CONTINUE
TRIAL AND PRETRIAL MOTIONS DATES - 3