The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ARIFKHAN PATHAN,<br><br>        Defendant. | NO. CR21-010 RSL<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter comes before the Court on the Stipulated Motion for a Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d). Having considered the record and files herein, the Court finds there is good cause to grant the stipulated motion, and hence:

IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for the Protective Order and referred to therein as "Protected Material," that contain sensitive information such as the date of birth, Social Security number, driver's license number, bank account number, credit card number, personal identification number, address, telephone number, name and/or location of employment, criminal history record, background check, immigration history/status, and/or any other similar information or

Protective Order - 1
*United States v. Pathan,* CR21-010 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

number implicating a privacy interest of and belonging to an individual, business, partnership, or corporation may be produced to counsel for the defendant in this case.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retain in connection with this case. The attorneys of record, and their investigators, expert witnesses, and other agents may review Protected Material with the defendant. The defendant may inspect and review Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents, or share any Protected Information with any prospective witness.

IT IS HEREBY FURTHER ORDERED the attorney of record for the defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense teams, to provide a copy of this Protective Order to those permitted recipients to make those recipients aware of the contents of this Protective Order.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

IT IS FURTHER ORDERED that any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Protective Order - 2
*United States v. Pathan,* CR21-010 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Nothing in this Order shall prevent any party from seeking modification of this
2  Protective Order or from objecting to discovery that it believes to be otherwise improper.
3  The parties agree that in the event that compliance with this Order makes it difficult for
4  defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an
5  unworkable burden on counsel, defense counsel shall bring any concerns about the terms
6  of the Order to the attention of the government.  The parties shall then meet and confer
7  with the intention of finding a mutually acceptable solution.  In the event that the parties
8  cannot reach such a solution, defense counsel shall have the right to bring any concerns
9  about the scope or terms of the Order to the attention of the Court by way of a motion.

10  Nothing in this order should be construed as imposing any discovery obligations
11  on the government that are different from those imposed by case law and Rule 16 of the
12  Federal Rules of Criminal Procedure.  The failure to designate any materials as provided
13  in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are
14  covered by this Protective Order.

15  This Protective Order does not constitute a ruling on the question of whether any
16  particular material is properly discoverable or admissible and does not constitute any
17  ruling on any potential objection to the discoverability of any material.

18  //
19  //
20  //

Protective Order - 3
*United States v. Pathan,* CR21-010 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 6th day of April 2022.

ROBERT S. LASNIK
United States District Judge

Presented by:

*s/ Casey S. Conzatti*
Casey S. Conzatti
Assistant United States Attorney

Protective Order - 4
*United States v. Pathan,* CR21-010 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970