UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ARIFKHAN PATHAN,<br><br>　　　　　　　Defendant. | Case No. CR21-0010 RSL<br><br>ORDER OF RESTITUTION |

This matter comes before the Court following defendant's sentencing on December 1, 2023. The Court heard arguments on defendant's restitution obligations and took the matter under advisement. Having considered the arguments presented at sentencing, as well as the government's memorandum (Dkt. # 69), defendant's response (Dkt. # 70), the record, and the files herein, the Court orders that defendant pay restitution in the amount of $392,263.40.

## I.   Background

Pathan pleaded guilty to one count of Laundering Monetary Instruments in violation of 18 U.S.C § 1956. Dkt. # 45. Pathan participated in a fraud scheme run by an Indian call center that defrauded at least 23 victims of several thousands of dollars. Dkt. # 45. On or about October 6, 2020, Pathan "picked up or arranged for a co-schemer to pick up packages of cash that he knew contained fraud proceeds from victims" and he "deposited $5,000 of those fraud proceeds into a . . . bank account." Dkt. # 45 at 7. Despite his participation in fraudulent conduct for over four months, Pathan pleaded guilty only to the conduct that occurred on or about October 6, 2020. *Id.*

ORDER OF RESTITUTION - 1

## II. Analysis

The central issue is whether the Court may order restitution beyond the offense of conviction. The Government seeks $392,263.40 in restitution to 23 victims affected by the criminal conduct under the terms of the plea agreement and the Victim and Witness Protection Act ("VWPA"), 18 U.S.C § 3663. Dkt. # 69 at 1–2. Pathan argues that restitution should be limited to $5,000, the actual loss of the offense of conviction, pursuant to the language of the plea agreement and case law.[1] The Court agrees with the Government.

The VWPA permits the Court to "order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense" to "the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(1)(A), (a)(3). The Ninth Circuit confirmed this Court's authority in *In re Doe*, where it held, "Congressional intent is clear. If a defendant has agreed to pay restitution in a plea agreement, then the plain meaning of the [VWPA] grants the district court statutory authority to order the agreed-upon restitution." 57 F.4th 667, 673 (9th Cir.), *cert. denied sub nom. Alexander v. Doe*, 144 S. Ct. 279 (2023); *United States v. Soderling*, 970 F.2d 529, 534 (9th Cir. 1992) ("section 3663(a)(3) clearly provides that plea agreements allowing for restitution greater than the losses caused by the offenses of conviction are authorized by law.").

Pathan's plea agreement unambiguously permits the Court to order restitution beyond the offense of conviction:

> Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. . . . [d]efendant agrees to take responsibility for restitution that does not arise from his individual offense of conviction but arises from all of Defendant's criminal conduct known to the

---

[1] At sentencing, Pathan argued that the Court has no authority to order restitution beyond the offense of conviction under *United States v. Batson*, 608 F.3d 630 (9th Cir. 2010). He abandons the argument in his supplemental memorandum, and instead argues that while the Court may order restitution beyond the offense of conviction, the language of the plea agreement does not provide for it. Dkt. # 70 at 2.

ORDER OF RESTITUTION - 2

United States at the time of Defendant's guilty plea, including dismissed charges and uncharged conduct.

Dkt. #45 at 8–9. More so, the Government presented sufficient evidence to show that the actual loss amount is $392,263.40. *See* Dkt. # 61-1 at 5, 9.

### III. Conclusion

For all the foregoing reasons, the Court finds that the amount requested by the Government is the actual loss caused by Pathan's criminal conduct, and Pathan is ordered to pay restitution to all 23 victims in the amount of $392,263.40. Interest on the restitution is waived.[2]

IT IS SO ORDERED.

DATED this 5th day of February, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Pathan argues that, pursuant to the plea agreement, restitution is conditioned on a finding of "criminal conduct," and that his conduct was not criminal because he was coerced. Dkt. # 70 at 2–3. However, the Court acknowledged at sentencing that while coercion may be a mitigating factor, it is not a complete defense nor a bar to liability.

ORDER OF RESTITUTION - 3